NO. 7982.

STATE, EX REL, PENROSE RADOVICH

VS

JOHN MINEO, ET AL.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

**7982**

# OPINION.

By his Honor John St. Paul.

Relator seeks by Mandamus to compel the Recorder of Mortgages to cancel ~~an inscription~~ *and erase* from his records a certain building contract entered into between the Relator as owner and the Respondent (Mineo) as builder. The contract was entered into and recorded *in* August 1917; respondent then proceeded regularly with the work until January 1918, when he ceased working and was formally put in default. At that time he had been paid all but $400 on account of the contract, of which $200 was afterwards paid out by his order and for his account. The Relator then finished the building at a cost which exceeded $200. So that the respondent has been paid all that was due him under the contract; and there were no liens recorded against the building at any time. This writ was applied for *in* April, 1920.

## I.

It is contended that Mandamus is not a proper remedy, because the Relator has other means of redress, towit, an ordinary action.

But under the Code of Practice (Art 831) "This *order (Mandamus)* *may be issued at the* discretion of the judge, even when a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such a delay that the x x x administration of justice will suffer from it."

419

But since the judge is vested with discretion to issue the writ when applied for, it is clear that he has also discretion to recall it when in his opinion the issues presented by the return are such that they can be tried more advantageously in the ordinary way. And this is all that was decided in Moulet vs Acme Lumber Co, 115 La 897 (896)

But there is no such case presented here. Relator has shown in a speedy and convincing manner that the respondent abandoned the work and has been paid all that is due him under the contract; and that no other liens have been recorded against the property. 4 La Digest p. 800-801

Under the circumstances, to relegate relator to the long and tedious process of an ordinary action, with his property tied up in the meanwhile, would be a denial of justice purely and simply.

## II.

As to Act 262 of 1916, we are clearly of opinion that when it is shown (as it is here) that the contractor has been paid in full the amount of his contract, and that no liens have been recorded within 45 days after the building has been accepted or the contractor defaulted, the owner then has a right to have the inscription of the contract cancelled; for the owner is clearly "an interested party."

There was mentioned in the pleadings and in the argument a claim for extra work amounting to $178, said to have been recorded against the property long afterwards; but as relator has not asked the cancellation of this inscription, and respondent has asked no judgment therefor, we are of opinion that same is not involved herein.

The judgment appealed from seems to us correct, and accordingly

Judgment Affirmed.